# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATALIN HORVATH,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>INS,<br><br>　　　　　Respondent. | 1:05-cv-00041-REC-TAG-HC<br><br>ORDER FOR PARTIES TO FILE BRIEFS ADDRESSING THE APPLICABILITY OF THE REAL ID ACT OF 2005 |

Petitioner, currently in the custody of the Bureau of Immigration and Customs Enforcement ("ICE") and proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).

On June 21, 2005, Respondent filed with the Court a document entitled "Respondents' Notice of Applicability of Public Law 109-13 [The Real ID Act of 2005]" ("the Notice"), pointing out that the Real ID Act of 2005, enacted on May 11, 2005, divests the United States District Court of jurisdiction to hear claims involving a challenge to a final administrative order of removal, deportation, or exclusion. (Doc. 32, Attachment). The Notice contends that Petitioner is challenging "only the final administrative order of removal," and therefore this Court "must transfer this case to the Ninth Circuit Court of Appeals." (Id. at p. 2).

The Court is aware of the passage of Public Law 109-13 and of the provisions contained therein. In response to the Real ID Act of 2005, on June 2, 2005, the United States Court of Appeals for the Ninth Circuit issued a "Special Notice" to the district courts in the Ninth Circuit

addressing the procedures for determining whether to transfer cases to the Ninth Circuit pursuant to the Real ID Act of 2005.  In that Special Notice, the Ninth Circuit suggests that, if, after being given the opportunity, the parties are unwilling to stipulate to a transfer, the district court should allow the parties the opportunity to brief the propriety of such a transfer.

Respondent's Notice indicates that Respondent believes that the provisions of the Real ID Act of 2005 are applicable to the instant habeas corpus proceeding.  However, the need for such a transfer is not self-evident to the Court at this juncture, and therefore briefing by the parties is required.  The plain language of the Real ID Act of 2005 limits the jurisdiction of the district court <u>only</u> in cases involving challenges to a final order of removal, deportation, or exclusion.  It does not purport to divest the district court of jurisdiction in habeas cases that do not challenge the final order of removal, as, for example, when a petitioner only challenges the legality of his or her detention following issuance of a final order of removal.

The instant petition does not appear on its face to directly challenge the final order of removal to which Petitioner is currently subject.  The claim or claims in the petition are contained in an attachment that consists of a lengthy chronology and arguments by Petitioner.  In that attachment, Petitioner argues that her continued detention is improper.  (Doc. 1, attach., pp. 5-6).

Subsequently, Petitioner filed a series of motions in which she has maintained that ICE has pressured her to sign removal documents to Hungary, despite her insistence that she cannot speak Hungarian and cannot read the documents she is being asked to sign.  (E.g., Docs. 5, 9, 21).  Petitioner steadfastly maintains that she is from Russian, not Hungary.  (Doc. 17).

From the foregoing, it is not clear to the Court that Petitioner is challenging a final order of removal, deportation, or exclusion.  It does appear that Petitioner's allegations that the fact and circumstances of her present detention are unlawful and unreasonable are based on circumstances subsequent to and distinct from the final order of removal.

However, in order for the Court to make an informed decision regarding whether the instant petition falls within the ambit of the Real ID Act of 2005, and since it does not appear that

///

the parties are prepared to stipulate to a transfer to the Ninth Circuit, the Court will order the parties to file briefs explaining their respective positions on the issue.

### ORDER

Accordingly, it is HEREBY ORDERED that Respondent must within fifteen (15) days from the date of service of this order, file a brief addressing whether and in what respects the Real ID Act of 2005 is applicable to the instant petition.  Petitioner will have ten (10) days after the date of service of Respondent's brief to file a brief in opposition to Respondent, should Petitioner disagree with Respondent's position.  The Court will make its decision regarding transfer to the Ninth Circuit based upon the parties' briefs.

IT IS SO ORDERED.

**Dated:   June 24, 2005**                              /s/ Theresa A. Goldner
j6eb3d                                                  UNITED STATES MAGISTRATE JUDGE