# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATALIN HORVATH,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>INS,<br><br>　　　　　Respondent. | 1:05-cv-00041-REC-TAG-HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR INS TO RELEASE HER FROM CUSTODY (Doc. 5)<br><br>ORDER DISREGARDING AS DUPLICATIVE PETITIONER'S MOTION FOR INS TO RELEASE HER FROM CUSTODY (Doc. 7)<br><br>ORDER GRANTING PETITIONER'S MOTIONS TO AMEND PETITION TO INCLUDE SUPPLEMENTAL INFORMATION (Docs. 9, 10) |

　　　　Petitioner, currently in the custody of the Bureau of Immigration and Customs Enforcement ("ICE") and proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, on January 10, 2005.  (Doc. 1).

## DISCUSSION

　　　　In her petition, Petitioner maintains that she has been living in the United States for 16 years and is a legal permanent resident. (Doc. 1, Statement of Facts ("SOF")).  Petitioner alleges that she is married to an American citizen and has had one child with her husband. (Id.).  She alleges that, following her convictions for several criminal offenses, a final order of removal was entered against her on June 10, 2004.  (Id.).  She alleges that she was first detained at the Lerdo Detention Facility in Kern County, California, on August 20, 2004, and has been detained at that facility ever since.  (Id.).   Petitioner asserts that, after her arrival in this country, she discovered

that, despite documents indicating she was born in Hungary, she was actually born in Russia, orphaned, and then adopted at the age of five by stepparents who raised her in Hungary. (Id.). At the time she filed her petition, Petitioner claimed that she had been incarcerated almost six months, that detention beyond six months was illegal, and that "INS" could not remove her to Hungary since she was born in Russia. (Id.).

On January 28, 2005, Petitioner filed a document entitled, "Motion For INS Can Only Contain Me For Six (6) Months In Custody And Not Longer" (referred to as the "First Motion for Release from Custody"). (Doc. 5). Three days later, on January 31, 2005, Petitioner filed a document with the same title as the motion filed on January 28, 2005 (referred to as the "Second Motion for Release from Custody"). (Doc. 7). The two motions are identical in every respect and appear to be duplicates of each other. Accordingly, the Court will address the First Motion for Release from Custody, and will disregard the Second Motion for Release from Custody as duplicative and redundant.

In the First Motion for Release from Custody, Petitioner reiterates her claim that she can only be detained for six months and appends to her motion a copy of a newspaper article dated January 13, 2005, which reported the United States Supreme Court's decision in Martinez, et al. v. Rozos, 125 S.Ct. 716 (2005). In that case, the Supreme Court held that the six-month presumptive period for reasonable detention of removable aliens established in Zadvydas v. Davis, 533 U.S. 678 (2001), also applied to inadmissible aliens. Martinez, 125 S.Ct. at 722.

Since Petitioner appears to be a removable alien rather than an inadmissible one, Martinez would not be applicable to her situation in any event.[1] However, because Petitioner's motion contains neither new claims nor new facts, and because it requests release from custody, it is essentially a request for a ruling on the petition itself. Accordingly, the Court will construe the First Motion for Release from Custody as a request for an expedited ruling on the petition.

Although the Court is mindful of the priority that must be given to habeas cases brought by aliens alleging illegal detention by ICE, the Court does not have a special, expedited calendar

---

[1] The Court is aware of Zadvydas and the six-month presumptive period for removable aliens, such as Petitioner.

2

for selected ICE cases to which it might transfer this case.  Rather, the case will be decided in due course, and in a manner that is both fair and reasonable in light of the other ICE habeas cases the Court currently has on its docket.  Accordingly, Petitioner's First Motion for Release from Custody filed January 28, 2005, which the Court construes as a motion for an expedited ruling, is DENIED.  Petitioner's Second Motion for Release from Custody filed January 31, 2005, which is identical to her motion filed January 28, 2005, is DISREGARDED, as duplicative and redundant of Petitioner's First Motion for Release from Custody.

On February 4, 2005, Petitioner filed a document entitled, "Motion For INS Released Me From Custody On February 20, 2005 Because Legally Can Hold Legal Permanenty [sic] Resident No More or 6 Months."  (Doc. 9).  The document is comprised of 14 pages of handwritten factual assertions regarding Petitioner's birth in Russia, her upbringing in Hungary, and life in the United States.   Petitioner has appended to the motion various ICE documents related to her removal and subsequent detention.  On February 11, 2005, Petitioner filed a document entitled, "Motion For Correction On My Previous Motion Filed On 02/04/05 To A Court."  (Doc. 10).  The "motion" is actually a two-page addendum to the motion of February 4, 2005, and corrects several of the factual assertions made in that motion.

Because Petitioner's motions filed February 4, 2005 and February 11, 2005 contain additional factual assertions and documents not contained within the original petition, the Court will construe both motions as requests to amend the petition to include supplemental information.  Accordingly, Petitioner's motion filed February 4, 2005 (Doc. 9) is referred to the "First Motion to Amend" and her motion filed February 11, 2005 (Doc. 10) is referred to as the "Second Motion to Amend").

A petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to U.S.C. § 2242 and Rule 11 of

the Rules Governing Section 2254 Cases.[2]  <u>Calderon v. United States District Court (Thomas)</u>, 144 F.3d 618, 620 (9th Cir. 1998); <u>Bonin v. Calderon</u>, 59 F.3d 815, 845 (9th Cir. 1995).  Leave of Court is required for all other amendments.  Rule Civ. P. 15(a).  While the Court should freely grant leave to amend if justice requires, the Court may deny leave to amend if the amendments would be futile or subject to dismissal.  <u>Bonin</u>, 59 F.3d at 845; <u>Saul v. United States</u>, 928 F.2d 829, 843 (9th Cir. 1991).

Here, the First Motion to Amend and the Second Motion to Amend were filed prior to any response being filed by Respondent.  Moreover, although the motions provide additional factual averments and documentary evidence in support of Petitioner's claims, they do not raise any new issues nor do they assert any additional claims apart from the petition's original claim of unlawful detention.  Accordingly, Petitioner's First Motion to Amend and Second Motion to Amend, which are construed solely as motions to amend the petition to include supplemental information, are GRANTED.

On July 12, 2005, Respondent filed its Respondent's Brief Regarding the Applicability of the Real ID Act of 2005; Response to Order to Show Cause. (Doc. 36).  In light of the Court's order today that the petition be amended with Petitioner's supplemental information, Respondent will be granted 20 days from the date of service of this order to supplement its Response of July 12, 2005, should it desire to do so, in order to address the supplemental information provided by Petitioner amending the petition .  The Court also notes that, despite being ordered to lodge with Petitioner's Alien file with the Court, Respondent has as yet not done so.[3]  Accordingly, the Court orders Respondent to lodge Petitioner's alien file within 20 days of the date of service of this order.

---

[2] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion.  <u>See</u>, Rule 1 of the Rules Governing Section 2254 Cases.  Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions."  Fed. R. Civ. P 81(a)(2).

[3] In Respondent's Response of July 12, 2005 to the Court's Order to Show Cause, Respondent indicated that Petitioner's "A-file is currently in the process of being certified for filing" with the Court and that the A-file would be filed as soon as certification was complete. (Doc. 36, p. 2 fn. 1).  Over two months have elapsed since the Response was filed, yet the Court still has not received Petitioner's Alien file.

4

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1. Petitioner's First Motion for Release from Custody, filed January 28, 2005 (Doc. 5), construed as a motion for an expedited ruling, is DENIED;

2. Petitioner's Second Motion for Release from Custody, filed January 31, 2005 (Doc. 7), is DISREGARDED as duplicative and redundant;

3. Petitioner's First Motion to Amend, filed February 4, 2005 (Doc. 9), and Petitioner's Second Motion to Amend, filed February 11, 2005 (Doc. 10), construed as motions to amend the petition to include supplemental information, are GRANTED, solely as motions to amend the petition to include supplemental information;

4. Within 20 days of the date of service of this order, Respondent MAY FILE a supplement to its Response, filed on July 12, 2005 (Doc. 36), with information addressing the supplemental information provided by Petitioner; and

5. Within 20 days of the date of service of this order, Respondent SHALL FILE Petitioner's Alien file with the Court.

IT IS SO ORDERED.

**Dated:   September 15, 2005**              /s/ Theresa A. Goldner
j6eb3d                                              UNITED STATES MAGISTRATE JUDGE