# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATALIN HORVATH,<br><br>   Petitioner,<br><br>   v.<br><br>INS,<br><br>   Respondent. | 1:05-cv-00041-REC-TAG-HC<br><br>REPORT AND RECOMMENDATION TO DISMISS HABEAS CORPUS PETITION FOR MOOTNESS (Doc. 1) AND TO DENY MOTION FOR EXTENSION OF TIME (Doc. 66) |

Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, on January 10, 2005. (Doc. 1).

**PROCEDURAL BACKGROUND**

The instant petition alleges that Petitioner is in the custody of the Bureau of Immigration and Customs Enforcement ("ICE") and is subject to a final order of removal. (Doc. 1). Throughout these proceedings, Petitioner has repeatedly maintained that she is not a Hungarian citizen because she was actually born in Russia, orphaned, and then adopted at the age of five by Hungarian stepparents, that she does not presently speak or understand Hungarian, and that she cannot therefore complete the travel documents required to effect her removal to Hungary. (Id.).

On October 27, 2005, the Court issued an Order to Show Cause why the Court should not require Respondent to provide an interpreter fluent in Hungarian to assist Petitioner in the completion of documents necessary for her removal to Hungary. (Doc. 50). On December 22, 2005, Respondent filed a formal response to the Order to Show Cause, in which Respondent indicated that a Hungarian interpreter had been provided to Petitioner, that Petitioner had

1

completed all necessary travel documents for her removal, and that those documents had been submitted to the Hungarian consulate (Doc. 61, Exh. A).  On December 23, 2005, Respondent filed with the Court additional documents indicating that, after a "long investigative process," the Hungarian government had "established" Petitioner's Hungarian citizenship "by the authentic Hungarian authority."  (Doc. 63, Exh. A).  Respondent also indicated that the Hungarian government was issuing travel documents for Petitioner's removal to Hungary and that Petitioner would be removed to Hungary in January 2006.  (Doc. 63).

On January 6, 2006, Petitioner filed a Motion for Address Change, in which she indicated that she had been released from ICE custody.  (Doc. 65, p. 2).  Petitioner requested that in the future documents be sent to her home address in Concord, California.  (Id.).  On January 9, 2006, Petitioner filed a motion for extension of time, requesting additional time to obtain evidence showing that the Hungarian government's conclusion that she was a Hungarian citizen was the product of "mistaken identity."  (Doc. 66, p. 1).

## DISCUSSION

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2241(c)(3).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  However, the petition must "allege facts concerning the applicant's commitment or detention," 28 U.S.C. § 2242, and the Petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true.  O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990); United States v. Poopola, 881 F.2d 811, 812 (9th Cir.1989).  If it may be conclusively determined from the face of the petition that Petitioner is not entitled to relief on the grounds alleged, then the petition must be dismissed.  Rule 4 of the Rules Governing § 2254 Cases[1]; Peterson v. Wilson, 373 F.2d 737, 738 (9th Cir.1967).

---

[1] The Rules Governing § 2254 Cases can be applied to petitions other than those brought under § 2254 at the Court's discretion.  See, Rule 1(b) of the Rules Governing § 2254 Cases.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, the Court is required to make a preliminary review of each petition for writ of habeas corpus. "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief," the Court must dismiss the petition. Rule 4 of the Rules Governing § 2254 Cases; see also, Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

In the instant case, the only issue before this Court has been the lawfulness of Petitioner's ongoing detention by Respondent[2], and the only relief which the Court could have afforded to Petitioner in these proceedings was an order releasing her from custody, in the event that the Court determined that her continued detention by ICE was unlawful. Petitioner, by her own admission, has now been released from Respondent's custody. Thus, since there is no further relief that the Court can afford Petitioner, the Petition should be DISMISSED for failure to state a claim as it is MOOT. Additionally, Petitioner's motion for an extension of time to respond to issues in this case is also MOOT and should therefore be DENIED.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1), should be DISMISSED for failure to state a claim as it is now MOOT; and,

2. Petitioner's Motion for Extension of Time (Doc. 66), should be DENIED as MOOT.

This Report and Recommendation is submitted to the District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate

---

[2] On June 27, 2005, the Court issued an order to the parties to file briefs addressing the applicability of the Real ID Act of 2005, Public Law 109-13, enacted May 11, 2005, to these proceedings. (Doc. 33). In Petitioner's response to the Court's order, Petitioner asserts that her petition "was not filed to challenge a final order of removal or deportation or exclusion...." (Doc. 38, p. 5)(emphasis in original). Rather, the petition challenges only the legality of her detention and was filed because Petitioner "want[s] to know why [she's] been detained, not why [she's] being deported." (Id.). The Court then determined that it still retained jurisdiction over the case and allowed Petitioner to proceed based on her acknowledgment that issues relating to Petitioner's removal itself were not among the claims raised in this petition.

1. Judge's Report and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 11, 2006**              **/s/ Theresa A. Goldner**
**j6eb3d**                                 UNITED STATES MAGISTRATE JUDGE